UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGO ELLIS, and BEAU ELLIS,<br><br>      Plaintiffs,<br><br> v.<br><br>ETHICON, INC., and JOHNSON & JOHNSON,<br><br>      Defendants. | CASE NO. C20-5692 BHS<br><br>ORDER GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANTS' MOTION TO COMPEL |

  This matter comes before the Court on Defendants Ethicon, Inc. and Johnson & Johnson's motion to compel Rule 26(a)(2)(B)(vi) compensation information. Dkt. 115.

  On September 7, 2021, Defendants moved for a Court order compelling Plaintiffs Margo Ellis and Beau Ellis to disclose the compensation information for their case-specific expert, Dr. Brian Raybon. *Id.* Federal Rule of Civil Procedure 26(a)(2) requires an expert witness to disclose, *inter alia*, "a statement of the compensation to be paid for the study and testimony in the case" in a written report. Fed. R. Civ. P. 26(a)(2)(B)(vi). Defendants assert that Plaintiffs have failed to disclose this information in accordance

ORDER - 1

with the case schedule and thus request that the Court compel Plaintiffs to disclose the information and award Defendants fees and costs.

Plaintiffs did not respond to Defendants' motion, nor did Defendants reply. The Court then ordered the parties to file a response and reply as to whether Plaintiffs disclosed the required information. Dkt. 118. Plaintiffs responded and provided Dr. Raybon's general compensation for review, study, and testimony in this case. Dkt. 119. Plaintiffs also assert that they disclosed payments exclusively from Wagstaff & Cartmell, LLP (Plaintiffs' counsel's firm) to Dr. Raybon on every transvaginal mesh case for which Wagstaff & Cartmell retained Dr. Raybon. *Id.* at 4.

In their reply, Defendants acknowledge that Plaintiffs have provided Dr. Raybon's billing rates but request that the Court order Plaintiffs to disclose the actual time and amounts he has billed in this case. Dkt. 120. Defendants further request that the Court order Plaintiffs to provide the total amount of compensation paid to Dr. Raybon in this case, the invoices related to that compensation, and a list of all other cases in which Dr. Raybon testified as an expert at trial or by deposition during the previous four years. *Id.*

Even if not explicitly contemplated by Rule 26(a)(2), the Court agrees that the total compensation currently paid to Dr. Raybon in this case and the invoices related to that compensation are both discoverable and relevant. *See, e.g.*, *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores, Inc.*, No. 01-339-KKC, 2008 WL 11346464, at *1 (E.D. Ky. Aug. 5, 2008) (collecting cases holding the same). Furthermore, while Plaintiffs have disclosed the payments their firm has made to Dr. Raybon over the past four years, it does not appear that they have provided "a list of all other cases in which, during the

1  previous 4 years, [Dr. Raybon] testified as an expert at trial or by deposition." Fed. R.
2  Civ. P. 26(a)(2)(B)(v).
3      Defendants' motion to compel is therefore **GRANTED in part**, and the Court
4  **ORDERS** Plaintiffs to disclose the total amount of compensation paid to Dr. Raybon in
5  this case, the invoices related to that compensation, and a list of all other cases in which
6  Dr. Raybon testified as an expert at trial or by deposition during the previous four years
7  in compliance with Rule 26(a)(2)(B) and pursuant to Rule 26(e). Plaintiffs shall timely
8  supplement their disclosures before trial. Defendants' motion to compel regarding Dr.
9  Raybon's compensation information in general is **DENIED as moot**. Finally, while
10 Defendants request sanctions pursuant to Rule 37(a)(5), the Court does not find an award
11 of costs and fees to Defendants in bringing the instant motion just at this time, but may
12 consider such an award if Plaintiffs fail to comply with this Order.
13     **IT IS SO ORDERED.**
14     Dated this 27th day of October, 2021.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3